FILED
JUN 2 3 2017
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Onessimus M. Govereh, )
)
    Plaintiff, )
)
v. ) Civil Action No. 17-1053 (UNA)
)
)
Federal Bureau of Prisons, )
)
    Defendant. )

## MEMORANDUM OPINION

This matter is before the court on its review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. For the reasons explained below, the *in forma pauperis* application will be granted and this case will be dismissed pursuant to 28 U.S.C. § 1915A, which requires immediate dismissal of a prisoner's complaint that fails to state a claim upon which relief can be granted.

Plaintiff "is a federal prisoner serving a one year and a day federal sentence for violating the terms of supervised release . . . imposed by the United States District Court for the Western District of Texas." Compl. at 2. Plaintiff is incarcerated at a facility in Folkson, Georgia, that is operated by the GEO Group, Inc. He sues the Bureau of Prisons ("BOP") for declaratory and injunctive relief.

Plaintiff describes this action as "a broad challenge to the unconstitutional and unlawful subdelegation of decision-making authority by defendant to a private actor." Compl. at 3. But the alleged events giving rise to the complaint stem from two incident reports that plaintiff received in April 2017 and the ensuing disciplinary proceedings that resulted in his loss of 23

days' good-time credit and his loss of commissary and phone privileges "until the expiration of the full term of imprisonment." *Id.* at 4-5.

Plaintiff offers that "while [he] has filed administrative remedies with the BOP, he has not yet fully exhausted the available administrative remedy process." *Id.* at 5 (underline in original). He offers reasons why he should be excused from completing the process, *see* Compl. at 5-6, none of which serves to overcome the exhaustion requirement.

The Prison Litigation Reform Act of 1995 ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted," 42 U.S.C. § 1997e(a), and "[t]here is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court," *Jones v. Bock*, 549 U.S. 199, 211 (2007). Moreover, the Supreme Court has clearly held "that the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). And a prisoner must complete the administrative process before resorting to federal court, "regardless of the fit between a prisoner's prayer for relief and the administrative remedies possible." *Booth v. Churner*, 532 U.S. 731, 739 (2001). Consequently, this case will be dismissed without prejudice. A separate order accompanies this Memorandum Opinion.

Date: June 21, 2017

United States District Judge